**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARISOL FLORES,<br>    Appellant, | DOCKET NUMBER<br>SF-315H-19-0521-I-1 |
| v. | |
| SOCIAL SECURITY<br>    ADMINISTRATION,<br>    Agency. | DATE: July 15, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sean T. O'Bryan</u>, Esquire, San Diego, California, for the appellant.

<u>Ann L. Maley</u>, Esquire, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal for pre-appointment reasons. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was a Social Insurance Specialist with the Social Security Administration (SSA). Initial Appeal File (IAF), Tab 5 at 45-46. She was hired under a career-conditional appointment, effective August 31, 2018, and was subject to a 1-year probationary period. *Id.* Prior to her appointment, she filled out an Optional Form 306 (OF-306). *Id.* at 43-44. Therein, she answered "no" on question 12 asking:

> During the last 5 years, have you been fired from any job for any reason, did you quit after being told that you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management or any other Federal agency?

*Id.* at 43. The appellant recertified the form on her first day of employment with the SSA. *Id*. at 44.

The appellant subsequently filled out a Questionnaire for Public Trust Positions, Standard Form 85P (SF-85P), on February 7, 2019. *Id.* at 35-42. Therein, she answered "yes" when asked:

Has any of the following happened to you in the last 7 years? Fired from a job. Quit after being told you'd be fired. Left a job by mutual agreement following allegations of misconduct. Left a job by mutual agreement following allegations of unsatisfactory performance. Left a job for other reasons under unfavorable circumstances.

*Id.* at 38. On the SF-85P, she clarified that, in May of 2018, she left a job by mutual agreement following allegations of unsatisfactory performance. *Id*. She identified the reason being an "[i]llegal company policy, currently being sued. Company pursues illegal employee time keeping practices." *Id.*

Prior to her employment with the SSA, the appellant had filed an appeal with the California Unemployment Insurance Appeals Board (CUIAB) challenging her disqualification from unemployment benefits after her termination from her prior employer. IAF, Tab 22 at 23-25. Therein, the CUIAB found that the appellant "was dismissed from her most recent employment for reasons other than misconduct," and thus she was "not subject to disqualification." *Id.* at 25. This information was not previously disclosed to the agency.

Following her responses on the SF-85P, a Human Resources (HR) Specialist with the agency contacted the appellant to discuss the discrepancies in her answers. IAF, Tab 5 at 33. According to the HR Specialist's contemporaneous notes of the conversation, the appellant stated that she "was fired I guess . . . if you want to say so . . . I didn't comply [with the company's policy] and they let me go." *Id.* When asked why she did not indicate this firing on her OF-306, the appellant stated that she thought she checked "yes," and thought she listed that she had been fired. *Id.* at 33-34.

On June 7, 2019, the agency terminated the appellant effective that day. *Id.* at 30-31. The termination memorandum noted that the appellant gave inaccurate information when she answered "no" on question 12 on the OF-306, and later reaffirmed the inaccurate information on the same form. *Id*

The appellant thereafter filed the instant appeal, alleging that the agency violated her rights when it terminated her for pre-appointment reasons without giving her advance notice of the proposed action and an opportunity to answer. IAF, Tab 1 at 4. The administrative judge subsequently held a hearing in this matter. IAF, Tab 31, Hearing Compact Disc (HCD).

After the hearing, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 35, Initial Decision (ID) at 1-2. Therein, the administrative judge found that the agency terminated the appellant, in part, for pre-appointment reasons. ID at 8-9. Thus, the administrative judge found that she was entitled to certain procedural rights which the agency did not provide. ID at 9. He found, however, that the agency's error was not harmful. ID at 9-13. The administrative judge was not persuaded by the appellant's attempts to explain that she correctly answered question 12 on the OF-306. ID at 10-12. He credited the terminating official's testimony that she would have removed the appellant even had she been granted an opportunity to respond to the termination. ID at 11-12. Accordingly, the administrative judge found that the appellant failed to meet her burden of proving, by preponderant evidence, that the agency's error caused it to reach a different conclusion than it would have in the absence of any error. ID at 12.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded, and the appellant has replied to its response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge found that the appellant was a probationary employee who was terminated, in part, based on pre-appointment reasons. ID at 7-9. He further found that the agency failed to provide the requisite procedural rights set forth at 5 C.F.R. § 315.805 in terminating the appellant.

ID at 7. The parties do not dispute these findings on review, and we see no reason to disturb them.

Under 5 C.F.R. § 315.806(c), a probationary employee whose termination was based in whole or in part on conditions arising before her appointment may appeal her termination to the Board on the ground that it was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805. *LeMaster v. Department of Veterans Affairs*, 123 M.S.P.R. 453, ¶ 7 (2016). In such appeals, the merits of the agency's termination decision are not before the Board. *Id.* Rather, the only issue is whether the agency's failure to follow the procedures prescribed in section 315.805 was harmful error. *Id.* These procedural rights include advance notice of the termination, an opportunity to respond, and consideration of the response. *Id.*, ¶ 13; 5 C.F.R. § 315.805. If there was harmful error, then the agency's action must be set aside. *LeMaster*, 123 M.S.P.R. 453, ¶ 7.

It is well established that harmful error cannot be presumed; an agency error is harmful only when the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*, ¶ 14. The burden is on the appellant to show that the procedural error was harmful, i.e., that it caused substantial harm or prejudice to her rights. *Id.*; 5 C.F.R. § 1201.4(r).

The administrative judge correctly found that the appellant failed to show that the agency's procedural error was harmful.

The administrative judge found, based on testimony from the deciding official, that the agency would have terminated the appellant given her failure to disclose her prior termination, even had she been afforded the requisite notice and response procedural protections. ID at 6, 12. The appellant on review repeats her argument that, based on the CUIAB findings, she was correct in answering "no" on question 12 of the OF-306. PFR File, Tab 1 at 8-10. She additionally repeats her argument that her different answer on the SF-85P was a result of "changed

facts and . . . her changed state of mind concerning her relationship with" her prior employer. *Id.* at 10. The appellant asserts that, if she had been given an opportunity to make these arguments before the agency, it would have reached a different result. *Id.* at 9.

The appellant contends that the CUIAB decision found that she was eligible for unemployment benefits because the reasoning given for her prior termination was erroneous, and therefore she was not terminated for misconduct. *Id.* at 4-5, 8-9. Thus, as an at will employee, she was discharged for "no reason." *Id.* at 4. Because she was discharged for no reason, she argues she correctly answered "no" to question 12 on the OF-306, which asked whether she had been fired "for any reason." *Id.* at 5. We find this argument unpersuasive.

The essence of the appellant's argument is that the reasoning behind her prior termination was flawed, and that her prior employer did not have a good reason to terminate her. This fails to reconcile the fact that she was nonetheless terminated but failed to disclose it. Indeed, she seemingly agreed that she had been fired when interviewed by the HR Specialist, and suggested that her answer to question 12 in the negative was a mistake. IAF, Tab 5 at 33-34; HCD2 at 21:45 (testimony of the HR Specialist). The agency's termination notice stemmed not from the fact that she was previously terminated, but from the fact that she failed to disclose such termination. IAF, Tab 5 at 30-31. Indeed, the deciding official testified that prior terminations are not necessarily held against employees, but the problem is when such actions are not disclosed. HCD4 at 46:05 (testimony of the deciding official). The failure to disclose, she explained, goes to the suitability of the person for employment and maintaining the integrity of public trust positions. *Id.* at 46:40 (testimony of the deciding official). The deciding official testified that she decided to terminate the appellant because she had at least two opportunities to disclose her termination, but failed to do so. *Id.* at 47:15 (testimony of the deciding official). She testified that, had the appellant disclosed her termination on the OF-306, it is "not likely"

that she would have terminated her.  *Id.* at 48:40 (testimony of the deciding official).

Moreover, as the administrative judge noted, the appellant failed to demonstrate that the CUIAB has the authority to overturn her prior termination. ID at 10.  Rather, the CUIAB could, and did, determine that the appellant was not terminated for misconduct.  IAF, Tab 22 at 23-25.  This decision, however, has no bearing on whether the appellant was in fact terminated.[2]  Accordingly, she has failed to demonstrate that her answer to question 12 was correct and has failed to provide a reason for her failure to disclose her prior termination such that the agency likely would have reached a different conclusion had the appellant had an opportunity to respond to the termination.

Her arguments regarding her answer on the SF-85P are similarly unpersuasive.  She argues, in essence, that changed circumstances and the passage of time led to her altered answer on that form.  PFR File, Tab 1 at 10. However, her answer on the SF-85P has no bearing on our decision here and rather only served as the catalyst that prompted the agency's investigation into her prior termination.  IAF, Tab 5 at 33; HCD2 at 16:35 (testimony of the HR Specialist).  Regardless of whether the circumstances changed or the SF-85P question was different than question 12 on the OF-306, this argument does not provide a rationale for her failure to disclose her prior termination when she certified and recertified her OF-306.  Accordingly, we agree with the administrative judge that the appellant has failed to prove by preponderant evidence that the agency's error in failing to provide her with the procedural protections of 5 C.F.R. § 315.805 likely caused it to reach a conclusion different

---

[2] Indeed, contrary to the appellant's assertion, the CUIAB decision found that the appellant "was dismissed from employment."  IAF, Tab 22 at 23-25.  Although the CUIAB found that the appellant was not dismissed for misconduct, and thus was not disqualified from unemployment benefits, it nonetheless noted that she was in fact dismissed.  *Id.*

from the one it would have reached in the absence or cure of the error. *See LeMaster*, 123 M.S.P.R. 453, ¶ 14; 5 C.F.R. § 1201.4(r).

<u>The appellant has otherwise failed to demonstrate that the administrative judge erred in reaching his decision below.</u>

The appellant asserts on review that the administrative judge erred in failing to take official notice of the CUIAB decision. PFR File, Tab 1 at 2-4. The appellant filed a motion below requesting that the administrative judge take official notice of the CUIAB decision and a California state law decision. IAF, Tab 22 at 16, Tab 29 at 4. The administrative judge denied this request, but noted that the appellant could raise the matters as additional arguments at the hearing. IAF, Tab 26 at 4. Under 5 C.F.R. § 1201.64, an administrative judge may take official notice of certain facts without requiring evidence to be introduced establishing those facts. The administrative judge, on his own motion or on the motion of a party, may take official notice of matters of common knowledge or matters that can be verified. 5 C.F.R. § 1201.64. The appellant was allowed to enter the CUIAB decision into the record and present evidence and argument regarding these issues, and indeed, the administrative judge repeatedly referenced the decision of the CUIAB in his initial decision. IAF, Tab 22 at 3, 13, 16, 23-25; ID at 2-3, 8, 10-11. Accordingly, we find that the appellant has failed to explain how the administrative judge erred, or how she was prejudiced by the administrative judge's failure to take official notice under 5 C.F.R. § 1201.64. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant further argues that the administrative judge erred in failing to apply the doctrine of collateral estoppel to her CUIAB decision. PFR File, Tab 1 at 2-4. The administrative judge did not address this issue, even though the appellant raised it below. IAF, Tab 22 at 14-16. The Board has held that decisions by state unemployment tribunals are not binding on the Board and thus

are not given collateral estoppel effect. *Herring v. U.S. Postal Service*, 40 M.S.P.R. 342, 346-47 (1989). In so holding, the Board noted that such decisions constitute record evidence worthy of consideration. *Id.* As discussed above, the administrative judge repeatedly referenced and considered the CUIAB decision. ID at 2-3, 8, 10-11. Accordingly, the administrative judge did not err in failing to apply collateral estoppel to the CUIAB decision.

The appellant also asserts that the administrative judge improperly precluded her from presenting a defense based on a violation of her constitutional due process rights. PFR File, Tab 1 at 5-7. The administrative judge noted that, as a probationary employee, she is not entitled to pre-termination due process grounded on the Constitution. IAF, Tab 26 at 3; ID at 9. Rather, the administrative judge held that her pre-termination procedural rights were based on 5 C.F.R. § 315.805. ID at 9. The appellant continues to argue on review that, as a probationary employee, she does not lose her constitutional due process rights. *Id.* at 6. Her argument is incorrect. As a probationary employee, she was not a public employee who could only be removed for cause, and thus, her right to pre-termination "process" is not based on the Constitution. *See Pope v. Department of the Navy*, 62 M.S.P.R. 476, 479 (1994). Thus, although she was entitled to the procedural rights set forth in 5 C.F.R. § 315.805, she did not have a constitutionally protected property interest in her employment because she was still serving her probationary period. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680-81 (1991). Accordingly, she is not entitled to constitutional due process rights.[3] We additionally note that the administrative judge, in his order and summary of prehearing conference, merely identified the relevant case law for the principles set forth above. IAF, Tab 26 at 3-4. He did

---

[3] To the extent that the appellant has alleged that the agency's failure to provide her with the procedural protections of 5 C.F.R. § 315.805 violated the merit systems principles, PFR File, Tab 1 at 13-14; IAF, Tab 22 at 9-10, the merit system principles are intended to furnish guidance to Federal agencies and are not self-executing. *See Corbett v. Department of Health and Human Services*, 7 M.S.P.R. 431, 434 (1981).

not, as argued by the appellant, order that she could not present such a defense. PFR File, Tab 1 at 5.

The appellant additionally argues that the administrative judge erred in discouraging attempts to elicit testimony at the hearing regarding her good performance and not addressing her positive performance in reaching his decision. *Id.* at 10-12. She further argues that reasonable people "do not terminate good performing employees" who answered a question incorrectly.[4] *Id.* at 12. The administrative judge did not specifically address the appellant's performance, but some evidence regarding her performance was included in the record below. IAF, Tab 22 at 67-77. As noted by the agency, the appellant's termination was not for poor performance. PFR File, Tab 3 at 14; IAF, Tab 5 at 30-32. Thus, her good performance has no bearing on whether she provided inaccurate information when she answered "no" to question 12 of the OF-306. The appellant has not, therefore, met her burden of showing that the agency's failure to afford her the procedural rights set forth at 5 C.F.R. § 315.805, including the opportunity to submit evidence of her good performance, likely caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of its error.

The appellant also challenges the credibility determinations of the administrative judge, asserting that the testimony of the deciding official was self-serving and devoid of any indication that she was familiar with the record as a whole as it existed at the time of the hearing. PFR File, Tab 1 at 12. The appellant contends that the administrative judge should have held this testimony from the deciding official to the preponderant evidence standard, and that the deciding official testified "in isolation from other witnesses," including the testimony of the appellant. *Id.*

---

[4] The appellant goes on to argue that she "made a mistake with unclear language" when she answered question 12 on the OF-306. PFR File, Tab 1 at 12. This is contrary to her prior argument on review that her answer of "no" on question 12 was correct. *Id.* at 8-10.

The administrative judge credited the deciding official's testimony that she would not have reached a different decision had the appellant had an opportunity to respond because the appellant's failure to disclose her prior termination was an integrity issue for a position of public trust. ID at 11-12; *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations "[e]ven if demeanor is not explicitly discussed"); *see also Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009) (noting that, when an administrative judge has heard live testimony, his credibility determinations must be deemed to be at least implicitly based upon witness demeanor). The Board may overturn such a credibility determination only when it has "sufficiently sound" reasons for doing so, such as when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674, ¶ 13 (2008).

The Board will not discredit a witness's testimony solely because it can be characterized as self-serving. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 25 (2016). We further note that the appellant had an opportunity at the hearing to question the deciding official as to whether she was familiar with the record. HCD4 at 49:40 (cross examination testimony of the deciding official). The absence of her testimony on the subject does not indicate that she was unfamiliar with the record. Moreover, it is the appellant's burden of proof here, not the agency's burden, to prove the truthfulness of its witnesses. *See LeMaster*, 123 M.S.P.R. 453, ¶ 7; 5 C.F.R. § 1201.4(r). Finally, administrative judges have wide discretion to control the proceedings before them. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015). This includes the authority to regulate the course of the hearing. 5 C.F.R. § 1201.41(b)(6). The appellant's apparent suggestion that the administrative judge should not have sequestered the deciding official while other witnesses

were testifying deviates from standard Board practice and does not show an abuse of discretion by the administrative judge. *See* MSPB Judge's Handbook, ch. 10, §12(f); *see also Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012) (applying an abuse of discretion standard to an administrative judge's hearing-related rulings). We thus find that the appellant has failed to identify sufficiently sound reasons for disturbing the administrative judge's credibility findings.

Accordingly, the appellant has not shown that the agency's failure to follow the procedures prescribed in 5 C.F.R. § 315.805 was harmful error.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____
                  Gina K. Grippando
                  Clerk of the Board

Washington, D.C.